## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAUL ORITZ, | |
| Petitioner, | NO. 3:11-1661 |
| v. | (JUDGE CAPUTO) |
| SUPERINTENDENT SAUERS, et al., | |
| Respondents. | (MAGISTRATE JUDGE CARLSON) |

### MEMORANDUM

Before the Court is Magistrate Judge Carlson's report and recommendation ("R&R") (Doc. 17) on petitioner Oritz's writ of habeas corpus petition along with Oritz's objections (Doc. 20) and Superintendent Sauers' response (Doc. 21). Magistrate Judge Carlson recommends the petition be dismissed as untimely. Oritz, however, argues that the one-year statute of limitations was tolled. The Court disagrees with Oritz and will adopt the R&R and dismiss the petition.

### BACKGROUND

On August 17, 2006, following a trial, a jury in the Court of Common Pleas, York, Pennsylvania, convicted Ortiz of Criminal Attempt to Commit Homicide, Aggravated Assault (Serious Bodily Injury) and Aggravated Assault (Bodily Injury by Deadly Weapon). On September 25, 2006, the Court imposed a sentence of 18-36 years on Ortiz on the charge of Criminal Attempt Homicide. (*Id*.) Ortiz then separately proceeded to a stipulated bench trial on October 11, 2006 on the state Firearms Possession charge. He was also found guilty of that offense, and was sentenced to 5-10 years incarceration, concurrent with the attempted murder conviction.

Following these convictions, on October 12, 2006, Ortiz filed a notice of appeal to

the Pennsylvania Superior Court from the two convictions and sentences. On September 6, 2007, the Pennsylvania Superior Court affirmed Ortiz's convictions and sentences. On October 5, 2007, Ortiz filed a timely petition for allocatur with the Pennsylvania Supreme Court, which was denied on April 15, 2008.  With the denial of this petition by the Pennsylvania Supreme Court, Ortiz's conviction and sentence became final on July 14, 2008, when the time for timely seeking United States Supreme Court review lapsed without any action of Ortiz's part.

One-hundred and ninety (190) days then elapsed from July 14, 2008 until Ortiz filed a petition for post-conviction collateral relief in state court on January 20, 2009. A hearing was conducted in the Court of Common Pleas of York County on this post-conviction relief petition on March 23, 2009. On May 5, 2009, the Common Pleas court entered an order denying Ortiz post-conviction relief.

Ortiz, in turn, appealed this decision on his post-conviction relief act petition to the Pennsylvania Superior Court on June 3, 2009. On March 3, 2010, the Superior Court issued an opinion and order affirming the denial of post-conviction relief to Ortiz, who filed a petition for allocatur with the Pennsylvania Supreme Court on April 5, 2010. On September 9, 2010, the Pennsylvania Supreme Court denied this petition for allocatur, and Ortiz's state appeals of this post-conviction petition drew to a close.

Another year then passed before Ortiz filed the instant federal habeas corpus petition on September 6, 2011. (Doc. 1.)  During this year-long hiatus the only action which Ortiz took to further litigate this case involved a sporadic effort that occurred on July 19, 2011, when Ortiz filed an untimely motion to reconsider the denial of allocatur. The prothonotary of the Pennsylvania Supreme Court rejected this motion as an untimely filing

on July 25, 2011. Ortiz then allowed six weeks to elapse before filing this federal habeas corpus petition.

It is against this procedural background that Ortiz filed his federal habeas corpus petition. A copy of this petition was served upon the respondents, who filed an initial response to the petition which raises the bar of the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), 28 U.S.C. § 2244, one-year statute of limitations as a defense in this case. (Doc. 10.)  After the R&R was entered, Oritz filed his objections and the defendants filed their response. Oritz main objection is that the Magistrate Judge was wrong in not calculating the statute of limitations period beginning in July 2011 when he filed his second allocatur petition.  This matter is now ripe for resolution.

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined

by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

The Court will adopt the Magistrate Judge's R&R because Oritz's petition is untimely.

28 U.S.C. § 2241(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 2244(d) tolls two separate and distinct time periods from the statute of limitations calculations. Specifically, while a direct appeal or state post-conviction review application is pending. § 2244(d)(1)(A); § 2244(d)(2). "[F]or purposes of § 2244(d)(2) 'pending' includes the time for seeking discretionary review, whether or not discretionary review is

4

sought." *Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000). However, for a State post-conviction application to be "properly filed" under 2244(d)(2), it must be timely. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Additionally, the one year period is a statute of limitations and not a jurisdictional bar and is thus subject to equitable tolling. *Miller v. NJ State Dept. of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998).

> [E]quitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Generally, this will occur when the petitioner has "in some extraordinary way ... been prevented from asserting his or her rights." The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." Mere excusable neglect is not sufficient.

*Miller*, 145 F.3d at 618-19 (internal citations omitted).

Here, Oritz's petition is time barred by § 2244(d)'s one year statute of limitations. After being sentenced in October 2006, his direct appeal process concluded on July 14, 2008. After one hundred and ninety (190) days passed, Oritz sought relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"). This process, which tolled the statute of limitations, concluded on September 9, 2010. Oritz then did not file this federal habeas petition until September 6, 2011, three hundred and sixty-two (362) days later. But at that point, four hundred and fifty two days (452) untolled days had passed. Thus, on its face, the petition falls outside § 2244(d)'s one year statute of limitations and is untimely.

In response, Oritz argues that the limitations period should be calculated starting from the Pennsylvania Supreme Court's refusal of his motion to re-consider his petition for allocatur in July 2011. But by the time he had filed this motion on July 19, 2011, four

5

hundred and three days (403) had already passed – far exceeding the one year statute of limitations. Additionally, equitable tolling does not apply. Waiting almost a year after the denial of the original petition for allocatur to file a motion for reconsideration does not demonstrate reasonable diligence. And no extraordinary circumstances have been provided to explain the delay. Therefore the petition is untimely.

## CONCLUSION

Because Oritz's petition is untimely under § 2244(d) and equitable tolling does not apply, his petition will be denied. An appropriate order follows


1/20/12                                                                    /s/ A. Richard Caputo
Date                                                                         A. Richard Caputo
                                                                             United States District Judge